CHARLES E. CHASE and MARCIA H. CHASE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chase v. Commissioner
Docket No. 37090-85
United States Tax Court
T.C. Memo 1990-308; 1990 Tax Ct. Memo LEXIS 326; 59 T.C.M. (CCH) 937; T.C.M. (RIA) 90308; June 20, 1990, Filed *326 Petitioners' Motion for Litigation Costs will be Denied. Lawrence Brookes, for the petitioners. Debra K. Estrem, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM OPINION This case is once again before the Court; this time we must determine whether petitioners are entitled to an award of litigation costs. On March 15, 1990, in a Memorandum Opinion, we granted petitioners' *327 Motion to Dismiss for Lack of Jurisdiction, holding that respondent's notice of deficiency was invalid because it was not mailed to petitioners at their last known address. . On April 16, 1990, petitioners filed a Motion for Litigation Costs. On May 24, 1990, respondent filed a response in opposition thereto. Section 7430(a) [1] authorizes an award of reasonable litigation costs to the "prevailing party" in a proceeding instituted in this Court if certain conditions are satisfied. To be eligible for such an award, the "prevailing party," as defined in section 7430(c)(2), must establish, among other things, that the position of the United States was not "substantially justified." [2]
*328 Respondent agrees that petitioners have "substantially prevailed with respect to the amount in controversy." See section 7430(c)(2)(A)(ii). He further agrees that petitioners have exhausted their administrative remedies. See section 7430(b)(2). However, he does not agree that his litigation position was unreasonable. Nor does he agree that the amount of costs claimed by petitioners are reasonable. We believe the position taken by respondent in this case was not unreasonable (i.e., that it was reasonable or "substantially justified"); hence, we need not decide whether the amount of costs claimed by petitioners are reasonable. With respect to cases commenced prior to the effective date of the Tax Reform Act of 1986, in determining whether respondent has taken a reasonable position, we have held that we will only examine events occurring after the filing of the petition, i.e., only respondent's in-court litigating position. . However, the circuits are divided on this matter. The Court of Appeals for the Ninth Circuit, the circuit to which an appeal of this case would lie, has held that in ascertaining the reasonableness *329 of respondent's position, it is appropriate to look at respondent's pre-petition position. . Therefore, in reaching our conclusion that respondent's position was reasonable, we have examined both respondent's in-court and pre-petition positions. See , affd. . The party seeking litigation costs bears the burden of proving entitlement thereto. . In satisfying this burden, petitioners must show respondent's position is not supported by legal precedent. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. (May 8, 1990); ; see Respondent's lack of success per se in the underlying case is not determinative that his position was "not substantially justified; substantial justification for a position is not the same as a winning, legally correct argument on a position." . *330 The issue in the underlying case was whether respondent mailed his notice of deficiency to petitioners at their last known address. Resolution of that issue depended upon whether petitioners' crossing out of a pre-printed address appearing on an estimated tax payment voucher (Form 1040-ES) which respondent had mailed to petitioners, and petitioners' insertion of a different address thereon, constituted clear and concise notice by petitioners of their permanent change of address. We held such did. Whether in a particular case respondent exercised "reasonable care and diligence" in determining a taxpayer's last known address is a factual inquiry, to be determined from all the surrounding facts and circumstances. There is no talismanic formula one can use. Respondent has an obligation to protect the fisc; in carrying out that obligation in this case we believe he acted reasonably. There is no indication, nor did petitioner aver, that the litigation was pursued for purposes of harassment or out of political motivation. Nor do we believe respondent used the cost of litigation to extract unjustified concessions from petitioners. To reflect the foregoing, Petitioners' Motion *331 for Litigation Costs will be Denied.
Footnotes
1. Section references are to the Internal Revenue Code as applicable. Petitioners filed their petition after February 28, 1983, and before December 31, 1985; accordingly, section 7430 as it existed before the Tax Reform Act of 1986 is the applicable law.↩
2. The Tax Reform Act of 1986 changed the language describing the position of the United States from "unreasonable" to "was not substantially justified." This and other courts have held that the "substantially justified" standard is not a departure from the "reasonableness" standard. ; and cases cited therein, affd. .↩